(76 South. 817)

No. 21354.

DENDY v. HUIE HODGE LUMBER CO., Limited.

(June 30, 1917. Rehearing Denied Nov. 26, 1917.)

*(Syllabus by the Court.)*

1. MASTER AND SERVANT ⬡101, 102(1)—APPLIANCES AND PLACE FOR WORK—DUTY AS TO PARTIALLY DISABLED SERVANT.

Where a master employs a servant who is partially disabled and whose physical condition and inexperience are well known to him, the more important becomes his duty to provide such servant with safe appliances and a safe place to perform the work for which he is employed.

*(Additional Syllabus by Editorial Staff.)*

2. DAMAGES ⬡131(2) — PERSONAL INJURY — EXCESSIVE DAMAGES.

A verdict for $2,000 awarded a servant for an injury to his leg, resulting in much suffering and treatment, and a stay in a sanitarium and requiring possibly a year for recovery, was not excessive.

Appeal from Fifth Judicial District Court, Parish of Jackson; Cas Moss, Judge.

Action by Jesse L. Dendy against the Huie Hodge Lumber Company, Limited. Judgment for plaintiff, and defendant appeals. Affirmed.

Friedrichs, Moise, Barksdale & Barksdale, of New Orleans, and Samuel Barksdale, of Farmersville, for appellant. W. L. Bagwell, of Oak Grove, and J. Rush Wimberly, of Shreveport, for appellee.

LECHE, J. Plaintiff's demand is for $12,-648.50, damages alleged to have been suffered by him as a result of personal injuries received while working in defendant's sawmill, located at Hodge, in the parish of Jackson. His cause of action arose in March, 1914, before the Employers' Liability Act was adopted in this state, and it is brought under article 2315, C. C.

[1] We gather the following facts from the record: Plaintiff was a cripple, his disability resulting from injuries which he had sustained in his left hip and his left ankle; the last one of his injuries having been received while in the employ of defendant. His physical condition was well known to defendant when about the month of November, 1913, he was again employed by the latter to do work which was considered within his ability, and not too difficult for him to perform in his weakened physical condition. Plaintiff's brother, J. R. Dendy, was at the time in charge, as engineer, of an engine in defendant's sawmill plant, and plaintiff was employed to work under his said brother in the engine room to start and stop this engine and to attend to its proper lubrication. After receiving for a week or more proper instructions from his brother, he was then left to perform by himself the duty for which he had been engaged, and J. R. Dendy, his brother, was assigned to additional other duties in close proximity.

Plaintiff continued in this occupation until March 19, 1914, when in descending from a platform called a "pillow box," elevated

about ten inches above the engine room floor, his right foot slipped, and in falling down to the floor his left disabled foot came in violent contact with the brick wall of the engine room, causing, in the plaintiff's own language, his left foot to "break aloose from his leg." Plaintiff had mounted upon this pillow box in the performance of his regular duty, in order to oil a "tail box" which was running hot and which needed frequent attention. It is not questioned that plaintiff, at the time of the accident, was performing his duty in a careful manner. But owing to the slippery condition of the floor, upon which a quantity of oil and grease had accumulated through drippings from the engine, his right foot, the only one which could support the momentum of his body as he descended, instead of remaining where he had placed it, shot away from under him, and he fell, with the unfortunate result above stated.

As a consequence of his injury, plaintiff suffered a good deal, remained under treatment near his place of employment for over two months, and also spent five weeks or more in a sanitarium in the City of Shreveport. When the case was tried, in March, 1915, he had not yet recovered sufficiently to work, and could only go about on crutches. Dr. Regan, who attended and treated plaintiff while he was in the Shreveport sanitarium, stated that in his opinion it would take seven or eight months, and perhaps one year, before plaintiff would entirely recover from the injury for which he claims damages in the present suit.

We believe that the proximate cause of plaintiff's injury was the slippery condition of the floor upon which he had to descend as he got down from the "pillow box," and the pivotal question in this case is, then, whether that constituted negligence attributable to defendant.

An unsafe floor in an engine room is not incidental to the trade or occupation of a mechanical engineer and his subordinates whose duties confine them within such engine room, and it would seem under the general rule that, unless there is an express agreement to the contrary, the duty of keeping such floor in a safe condition devolves upon the master, and not upon the servant. A good deal of testimony was elicited from the witnesses upon the subject, and there is such divergence of opinion among them in regard to the general custom in sawmills and relative to whether there was any express understanding or agreement in this particular case, as to whose duty it was to keep the floor free of surplus oil and grease, that it is difficult to say from such testimony upon whom the duty devolved. But the testimony of Mr. Boss, foreman of defendant's mill, seems to furnish an answer to that proposition when he says that such duty rested upon the engineer, J. R. Dendy, under whom, he adds, the plaintiff was working. Record, p. 72. J. R. Dendy was the chief engineer and a superior over plaintiff, whose inexperience and disabled physical condition were well known to his superiors and employers, and it follows that the fault and negligence of permitting the floor upon which plaintiff was compelled to work to become unsafe is imputable to the defendant.

Again, according to the testimony of J. R. Dendy, it seems that it is a custom in sawmill engine rooms to place a wheelguard next to the engine, and although such a fixture had nothing to do with plaintiff's fall, that if there had been a substantial wheelguard in defendant's engine room plaintiff could have used it by placing his hand on it to support his body while descending from the pillow box, and thereby have avoided the fall which caused his injury.

Our opinion is that there was negligence on the part of defendant, and that plaintiff is entitled to recover.

[2] The district court rendered judgment in favor of plaintiff for $2,000, less $184.25 advanced to him by defendant, and, believing that this award is justified by the facts and law of the case, the said judgment is affirmed at the cost of defendant and appellant.